```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LISA BROWN                                      CIVIL ACTION

VERSUS                                          NUMBER: 08-00083

MICHAEL J. ASTRUE,                              SECTION: "F"(5)
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION
```

### REPORT AND RECOMMENDATION

The above-captioned matter is an action seeking judicial review of an adverse decision of the Commissioner of the Social Security Administration denying plaintiff's applications for Social Security benefits. (Rec. doc. 3). Plaintiff's request to file this matter in forma pauperis was granted by the Court on January 8, 2008. (Rec. doc. 2). On January 11, 2008, three summonses were issued by the Clerk's Office and were forwarded to the pro se plaintiff along with a letter ("pauper letter") advising her that the U.S. Marshal was available to effect service on her behalf under Rule 4(c)(3), Fed.R.Civ.P., upon being furnished with the necessary paperwork. (Rec. doc. 4).

In accordance with Local Rule 16.2E, after over four months had passed a review of the record revealed that no service returns or waivers of service had been filed therein indicating that service had been properly made on the named defendant, the Court ordered plaintiff to show cause, on June 25, 2008 at 11:00 a.m., as to why her lawsuit should not be dismissed for failure to prosecute. (Rec. doc. 5).  Prior to the designated time, plaintiff appeared in the undersigned's Chambers and advised that she had not received the summonses and the pauper letter that had been mailed to her months earlier.[1]/ Accordingly, the Court directed the Clerk to re-issue summons and to mail them to plaintiff at her address of record along with another copy of the pauper letter. (Rec. doc. 6) That was accomplished on June 26, 2008. (Rec. doc. 7).  The Court also granted plaintiff an additional thirty days within which to serve the named defendant and to file proof thereof in the record, absent which a Report and Recommendation would be issued recommending that her lawsuit be dismissed for failure to prosecute. (Rec. doc. 6). That thirty-day period has now passed and a review of the record does not reveal that any further action has been taken in this case.

Rule 4(m), Fed.R.Civ.P., provides that "[i]f a defendant is

---

[1]/ A review of the record does not reveal that the summonses and pauper letter that were mailed to plaintiff on January 11, 2008 were returned as undeliverable due to an incorrect mailing address, improper postage, etc.

not served within 120 days after the complaint is filed, the court-on motion or on its own initiative after notice to the plaintiff-must dismiss the action without prejudice against that defendant or direct that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The jurisprudence has come to expect strict compliance with the service rules within the one hundred twenty-day period prescribed by Rule 4(m) and its predecessor.  See, e.g., Lambert v. United States, 44 F.3d 296 (5th Cir. 1995); Peters v. United States, 9 F.3d 344 (5th Cir. 1993); McGinnis v. Shalala, 2 F.3d 548 (5th Cir. 1993), cert. denied, 510 U.S. 1191, 114 S.Ct. 1293 (1994); Trania v. United States, 911 F.2d 1155 (5th Cir. 1990).

It has now been nearly eight months since this lawsuit was filed and proof of service on the named defendant is lacking. By scheduling the rule to show cause, the Court hoped to bring this deficiency to the attention of plaintiff and to impress upon her the need to prosecute her case.  Notwithstanding having been granted an additional thirty days within which to serve the named defendant and to file proof thereof in the record, such proof is still lacking.  As plaintiff is proceeding pro se in this matter, such failures are attributable to her alone.  Accordingly, it will be recommended that plaintiff's suit be dismissed with prejudice pursuant to Rule 4(m), Fed.R.Civ.P.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice pursuant to Rule 4(m), Fed.R.Civ.P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this   8th   day of    September   , 2008.

_____
UNITED STATES MAGISTRATE JUDGE